BAUMEISTER v NEVIN BUS LINES, INC

Ohio Appeals, 6th Dist, Huron Co

No 288.   Decided Oct 17, 1932

Allen G. Aigler, Bellevue, and Young &
Young, Norwalk, for plaintiff in error.

William A. Finn, Toledo, and G. Ray
Craig, Norwalk, for defendant in error.

RICHARDS, J.

The record in this case discloses an abundance of conflict as to the circumstances under which the collision occurred, and this court would not be justified in reversing the judgment on the ground that it is not sustained by sufficient evidence. Much of the evidence indicates that the driver of the automobile was guilty of negligence which was the proximate cause of the collision and this is intensified by the fact that the plaintiff in this case charged in writing, in making his clam against the Sundry Claims Commission of the State, that the collision was due entirely to the carelessness and negligence of the operator of the automobile. Such a conclusion is further intensified by the fact that the driver of the bus, other things being equal, would be entitled to the right of way on approaching the intersection from the west, as he was on a main thoroughfare and was to the right of the operator of the automobile, who was coming from the north on an intersecting road. **Heidle v Baldwin, 118 Oh St, 375.**

The statements made by the plaintiff in pressing his claim against the state, and made elsewhere in the record, are competent against him and are not excluded by the case of **Cotton v Klein, 123 Oh St, 440,** as that rule was only applicable to one who is not a party to the suit. See also **Neisner Bros., Inc. v Schafer,** decided by the Supreme Court of Ohio on October 28, 1931, **124 Oh St, 311.**

Early in the Spring of 1931 Baumeister pressed his claim against the Sundry Claims Commission of the State, the claim as presented being to recover for all injuries suffered by him in the collision, the amount of which he asserted to be $10,000.00. The claim was approved to the extent of $1884.50 by that Commission and the General Assembly of Ohio, at the session which began on January 5, 1931 and adjourned on July 1, 1931, approved the claim in said amount and duly appropriated the money to pay the same. After the legislature had adjourned, the plaintiff, on August 29, 1931, sent the following communication to either the Auditor of State or the Sundry Claims Commission:

"It is understood that I, Joseph F. Baumeister, in accepting the sum of $1884.50 from the State of Ohio, by reason of injuries which I sustained in a collision which occurred December 27, 1930, reserve all rights of action which I may have against the Nevin Bus Company."

A warrant of the State of Ohio in the amount of $1884.50 was forwarded by the Auditor of State to Baumeister containing the statement that it was for

"payment in full for injuries received while a passenger in a bus which was struck by a state car driven by Perry L. Green, then Director of Agriculture, on December 27, 1930."

That warrant was received and accepted by the plaintiff on October 30, 1931 and the amount duly paid pursuant to the warrant. It will be noted that when the communication containing an attempted reservation of a right of action against the Nevin Bus Lines was delivered to the Auditor of State or the Sundry Claims Commission, the legislature had already adjourned and no duty rested upon the Auditor of State except to draw a warrant in accordance with the appropriation act, the drawing of the warrant being a mere ministerial act. He had no discretion and no duty to perform with reference to the attempted reservation, and the same was wholly without effect. Neither did the Sundry Claims Commission have any further duty resting upon it. The jury may well have found that when Baumeister, on October 30, 1931, receipted in full for the injuries which he had suffered, he had changed his mind during the two months that had elapsed since the attempted reservation of August 29th.

It is quite true that an action could not be maintained against the state for the negligence of its Director of Agriculture, but when the state adopted as proper the amount of damages fixed by the Claims Commission and paid the same to Baumeister, and he receipted therefor as "payment in full for injuries received while a passenger in a bus which was struck by a state car," the transaction amounted to payment and satisfaction in full, and Baumeister could not thereafter maintain an action to recover damages. An accord and satisfaction, even from a stranger to the transaction, when accepted by the claimant, is a bar to a further action. It is true that the mere payment by a volunteer would not deprive Baumeister of his right, but since he was only entitled to one satisfaction, and he received that from the state, his retention of the amount operates to bar him from maintaining a further action.

Leavitt v Morrow, 6 Oh St, 72. Lovejoy v Murray, 3 Wall., 1. It must be noted that the release which was given in **Adams Express Co. v Beckwith, 100 Oh St, 348,** did not purport to be in full satisfaction and was by its terms only a release of the company which made the payment. The case at bar does not involve controverted matters as between joint tort feasors, but only whether a claimant who has accepted satisfaction in full of one party can recover again from another.

At least two issues are involved in this case, first, the claim that the Nevin Bus Lines was not guilty of any negligence or, if it was, that such negligence was not the proximate cause of the injury, and, second, that the plaintiff had received from the State of Ohio $1884.50, in full settlement and satisfaction of his claim. The verdict being general in form, is a finding of all the issues in favor of the defendant. The issues above named are such that a finding of either of them in favor of the defendant entitled it to the judgment which was rendered and the judgment could not be reversed for error relating exclusively to another issue. This fundamental principle has been so often announced that it needs no citation of authority.

In the instructions of the court to the jury, it was directed to find whether the amount received by the plaintiff was intended by him to have been received in full satisfaction of his claim. The verdict necessarily imports a conclusion that the jury so found. We do not think that the jury, in determining that matter, would merely have to construe written instruments, which of course would be for the court to do, but its duty was to determine from all the evidence in the case whether the amount so received was accepted in full satisfaction for the injury received by him in the collision. If the intent with which Baumeister received the money were to be determined solely from a construction of the writings, it must necessarily result that he received the amount in full satisfaction of his claim, so that in any event the conclusion of the jury on that aspect of the case is correct.

Finding no prejudicial error, the judgment will be affirmed.

LLOYD and WILLIAMS, JJ, concur.